1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

8

STEPHEN HASKELL LAW OFFICES,
PLLC,

9                        Plaintiff,

10      vs.

11

12

13

WESTPORT INSURANCE CORP.,

14                       Defendant.

15

NO. CV-10-437-JLQ

**MEMORANDUM OPINION AND
ORDER RE: CROSS-MOTIONS
FOR SUMMARY JUDGMENT**

16      BEFORE THE COURT are Plaintiff's Motion for Partial Summary Judgment (ECF

17   5) and supporting materials, and Defendant's Cross-Motion for Summary Judgment (ECF

18   19) and supporting documents.  Plaintiff has filed a Reply in support of its Motion and

19   Response to Defendant's Motion. (ECF 25).  Defendant has filed a Reply in support of its

20   Motion. (ECF 26).

21      Oral argument on the motion was heard via telephone on April 5, 2011.  Stephen

22   Haskell appeared on behalf of Plaintiff Stephen Haskell Law Offices, PLLC ("Haskell").

23   James B. King and Christopher Wadley participated on behalf of Defendant Westport

24   Insurance Corporation ("Westport").

25                               **I.  Introduction**

26      Haskell represented the Markham Group, Inc. and Mark Kamitomo (collectively

27   "Markham") in the related action entitled, *Westport Insurance Corporation v. The*

28   *Markham Group et al.*, CV-08-221-RHW (referred to herein as the "Underlying Action").

ORDER - 1

1

2    The Underlying Action was an insurance coverage declaratory judgment action in which

3    Westport sought a declaration that it had no duty to defend or indemnify Markham in

4    regard to a legal malpractice claim.  Therein, Haskell filed a motion for summary judgment

5    on behalf of Markham which was granted by Judge Whaley.  Haskell then filed a motion

6    for attorney fees, pursuant to *Olympic Steamship Co. v. Centennial Insurance Co.*, 117

7    Wash.2d 37 (1991), which allows a court to award fees to an insured who is compelled to

8    assume the burden of legal action in order to obtain the benefit of its insurance contract.

     Judge Whaley granted the motion awarding Markham an attorney fee award of $114,516.

9         After Judge Whaley entered judgment on the attorney fee award on December 7,

10   2009, Haskell contacted Robert Chaney, an attorney for Westport, and stated:

11              Bob,
                Per FRCP 62, we intend to undertake appropriate action to enforce the
12        court's judgment of December 9th ten days thereafter, or December 19th.  If your
          client has a reasonable proposal which would eliminate the need for this
13        enforcement action, please notify me prior to that time.

14
     (ECF 22-3).  Westport responded eight days later, on December 17, 2009, stating that it
15
     would "promptly issue a check for the judgment," and then on December 18, 2009,
16
     followed up with an e-mail informing Haskell that Westport did intend to appeal. (ECF 22-
17
     3).  Westport did not tender a check for the judgment, but did appeal and posted a
18
     supersedeas bond.  Westport filed a motion requesting that Judge Whaley stay execution
19
     of the judgment and offered to post the bond in the amount of 125% of the judgment.
20
     (See ECF 146, Motion for Stay, filed in Cause No. 08-221).  Judge Whaley granted this
21
     Motion. (ECF 159).  Westport then proceeded with its appeal to the Ninth Circuit.
22
          On November 17, 2010, the Ninth Circuit Court of Appeals reversed the judgment
23
     of the district court in favor of Markham and remanded with instructions to enter
24
     judgment in favor of Westport and specifically ordered that the fee award of $114,516 be
25
     vacated. (ECF 160, Opinion filed in Cause No. 08-221, p. 4 note 3) ("Because of our
26
     resolution of the merits, the attorney's fee award against Westport must also fall.").  After
27
     issuance of the mandate from the Ninth Circuit on December 10, 2010, Judge Whaley
28

ORDER - 2

ordered the prior judgment and fee award stricken and directed the entry of judgment in favor of Westport. (See ECF 162 & 163 in Cause No. 08-221-RHW).

Mr. Haskell filed this action on December 15, 2010, wherein he seeks to recover $114,516 from Westport, despite the fee award being vacated by the Ninth Circuit and judgment being entered in favor of Westport.  Haskell argues that Westport had a "separate and unconditional contractual agreement with Haskell to pay to Haskell directly the sum of $114,516." (ECF 1, ¶ 22).

## II.  Procedural History

On January 28, 2011, before Westport's Answer was  due, Haskell moved for summary judgment.  Westport filed its Answer on February 18, 2011, and on that same date also moved for summary judgment.

In its Response and Cross-Motion, Westport states that it "does not dispute the facts set forth in the statement of material facts" filed by Haskell. (ECF 21 p. 1). However, Westport sets forth additional facts in order to give a more "complete" version. As the parties have so quickly moved for summary judgment, prior to a scheduling conference or presumably any discovery, and as Westport does not dispute Haskell's statement of facts, disposition of this matter via summary judgment is clearly appropriate. In an attempt to 'hedge its bets', Westport argues that should it not prevail on its summary judgment motion, then material issues of fact would exist precluding summary judgment for Haskell.  The court has determined that the issues briefed in the cross-motions for summary judgment may be decided as a matter of law.

## III.  Summary Judgment Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994).  The moving party is entitled to summary judgment when, viewing the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252

ORDER - 3

1

(1986).  While the moving party does not have to disprove matters on which the opponent

2 will bear the burden of proof at trial, they nonetheless bear the burden of producing

3 evidence that negates an essential element of the opposing party's claim and the ultimate

4 burden of persuading the court that no genuine issue of material fact exists. *Nissan Fire*

5 *& Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the

6 nonmoving party has the burden of proof at trial, the moving party need only point out

7 that there is an absence of evidence to support the nonmoving party's case. *Devereaux v.*

8 *Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

9          Once the moving party has carried its burden, the opponent must do more than

10 simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec.*

11 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, the opposing party

12 must come forward with specific facts showing that there is a genuine issue for trial. *Id*.

13          Although a summary judgment motion is to be granted with caution, it is not a

14 disfavored remedy: "Summary judgment procedure is properly regarded not as a

15 disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a

16 whole, which are designed to secure the just, speedy and inexpensive determination of

17 every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)(citations and

18 quotations omitted).

19                                   **IV.  Discussion**

20     **A.  The Complaint and Haskell's Claim for Breach of Contract**

21          Haskell alleges that Judge Whaley granted summary judgment in favor of

22 Markham, and entered an Order awarding attorney fees on December 7, 2009.  The  Clerk

23 entered judgment that same date.  Haskell then contacted counsel for Westport and

24 indicated he was going to take necessary action to enforce the judgment. (ECF 1, ¶ 9).

25 Haskell states that Westport agreed to promptly issue a check for the judgment on

26 December 17, 2009. (Id. ¶ 10).  Haskell claims that in exchange for this promise to pay,

27 he agreed to forebear  collection efforts on the judgment.  Westport did not pay the

28 $114,516 judgment, and instead filed a Notice of Appeal on January 22, 2010.

ORDER - 4

1

### B. Westport's Arguments for Summary Judgment

2    Westport offers several arguments in avoidance of its alleged contractual obligation

3 with Haskell.  Westport sets forth five reasons why Haskell cannot prove his claim for

4 breach of contact: 1) there was not mutual intent to be bound to the terms of the alleged

5 contract; 2) Westport did not bargain for Haskell's forbearance; 3) Haskell's forbearance

6 was not legally sufficient consideration; 4) Haskell cannot prove damages; and 5) the

7 alleged contract was not valid due to mutual mistake.  Additionally Westport moves for

8 summary judgment on Haskell's claims for punitive damages and attorney's fees asserting

9 there is no legal basis for such claims.

10   ### C. Standing

11    The issue of standing has not been raised by the parties.  However, "federal courts

12 are required sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best*

13 *Western*, 538 F.3d 1031, 1035 (9th Cir. 2008).  The judgment in the amount of $114,516,

14 was "entered in favor of Defendants The Markham Group, Inc. P.S. and Mark

15 Kamitomo". (ECF 131, Cause No. 08-221-RHW).  Neither the Markham Group or

16 Kamitomo is a party to this action, yet Haskell seeks an order "enforcing a previous

17 Judgment" in favor of Markham. (ECF 5).

18    This factual predicate raises the issue of whether the attorney (Haskell) has standing

19 to enforce the attorney's fee award entered in favor of his former clients (Markham).

20 "The Supreme Court has made it clear that, in general, statutes bestow fees upon parties,

21 not upon attorneys." *United States v. Lewis Truck Parts & Equip*., 89 F.3d 574, 577

22 (9th Cir. 1996); see also *Pony v. County of Los Angeles*, 433 F.3d 1138, 1142 (9th Cir.

23 2006) ("The Supreme Court has held Section 1988 vests the right to seek attorney's fees

24 in the prevailing party, not her attorney, and that attorneys therefore lack standing to

25 pursue them.").

26    Here the fee award was not pursuant to statute, but rather pursuant to *Olympic*

27 *Steamship*, 117 Wash.2d 37 (1991) which allows for an award of fees to an "insured who

28 is compelled to assume the burden of legal action to obtain the benefit of the insurance

ORDER - 5

contract."  The award is to the party (the "insured"), not directly to counsel.  However, once the party exercises the right to fees, "the attorney's right to collect them vests, and he may then pursue them on his own." *Pony*, 433 F.3d at 1142 (9th Cir. 2006); see also *Lewis Truck Parts*, 89 F.3d at 578 (the fee once awarded becomes in effect an asset of the attorney).  Haskell also contends that Westport was going to pay the fee directly to him, rather than to Markham, and the W-9 information in the record lists Haskell as payee.  While the standing issue is not without questions, in this case and for the purpose of these motions, the court finds Haskell has standing to pursue this action.

### D.  Lack of Consideration - Preexisting Legal Duty Rule

Westport raises lack of consideration by arguing that Haskell's promise to forego execution on the judgment was insufficient consideration.   Under certain circumstances, forbearance can constitute sufficient consideration.  Here, however, the alleged contract lacks consideration for a more fundamental reason--the preexisting legal duty rule.  According to Haskell, he promised to forebear collection of the judgment in exchange for Westport's promise to pay it.  At the time of the alleged promise in December 2009, Westport was legally obligated to pay the judgment, and thus under the pre-existing duty rule, its promise to do what had been previously adjudicated was not valid consideration for its pre-appeal promise to pay.

This rule is a basic common law principle of contract law, as described by the Supreme Court of Pennsylvania:

> It is axiomatic that the performance of an act which one party is legally bound to render to the other party is not legal consideration.  **Payment of a valid judgment is not consideration for an agreement**, for the plain reason that there is no benefit to the creditor who is entitled to the whole nor a detriment to the debtor who was already legally obligated to liquidate his indebtedness.

*Chatham Communications v. General Press Corp*., 463 Pa. 292, 297 (Pa. 1975) (emphasis supplied) citing 1 Corbin, Contracts § 143 (1963); Restatement of Contracts, § 76; and 1 Williston on Contracts, § 120 (3rd ed. 1957).  Washington has long recognized the preexisting duty rule.  See *Harris v. Morgensen*, 31 Wash.2d 228, 240-43 (1948).

ORDER - 6

1

The alleged pre-appeal promise of Westport to pay the attorney fee award

2  promptly was not sufficient consideration for a legally enforceable contract.  In *Owings v.*

3  *Georgia Railroad Bank*, 188 Ga.App. 265 (Ga. App. 1988), the allegation was that one

4  party agreed to discount the amount of attorney fees to be recovered under a judgment in

5  exchange for the other party's "promise[] to take certain measures to pay the judgment

6  promptly." *Id.* at 826.  The court said of this alleged promise to pay the judgment

7  promptly: "This agreement thus obligated the appellants to do nothing more than what

8  they were already legally obligated to do.  An agreement on the part of one to do what he

9  is already legally bound to do is not a sufficient consideration for the promise of another."

10  *Id.*

11        Any promise to pay by Westport was clearly dependent on that fact that there was

12  a valid legally enforceable and non-appealed judgment.  The affidavit of Robert Chaney,

13  Westport's counsel, states: "I indicated that Westport would pay the judgment amount

14  because I thought Westport was obligated to pay it pursuant to the court's judgment."

15  (ECF 27, ¶ 5).  There was no "separate and unconditional" agreement as contended by

16  Haskell.

17        Additionally Westport contends there was a lack of consideration because the

18  forbearance was not bargained for.  Forbearance may constitute sufficient consideration,

19  but there must be a bargained-for agreement to forbear. *Elrod v. John Paton Trust*, 2005

20  WL 3361248 *5 (Wash.App. 2005).  E-mails between Haskell and counsel for Westport

21  form the basis of the alleged contract.  Haskell contends the December 9, 2009 e-mail, set

22  forth *supra*, was an offer.  However, it was actually a request for a "reasonable proposal"

23  from Westport.  Haskell also states he intended to "enforce the court's judgment of

24  December 9th."  There was not a judgment of December 9th. There was a judgment

25  entered on December 7, 2009 (See ECF 131, Cause No. 08-221-RHW).  Additionally,

26  Haskell stated he intended to act to enforce the judgment on December 19th.  However,

27  Haskell had no right to enforce the judgment on that date.  Federal Rule of Civil

28  Procedure 62 was amended effective December 1, 2009, six days before the judgment

ORDER - 7

was entered.  As of December 7, 2009, when the judgment was entered, Rule 62 provided in relevant part, "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry." Fed.R.Civ.P. 62(a).

All of this illustrates the problems with the alleged 'offer' by Haskell.  It does not appear that Haskell's forbearance was bargained for, but as discussed *supra*, the agreement fails for a more fundamental reason--Westport only said it would pay the judgment, which it already had a legal obligation to do, and thus there was a lack of consideration.

### E.  Mutual Mistake Concerning Antecedent Rights

Haskell's breach of contract is additionally defeated by the fact that there was a mutual mistake underlying the alleged agreement.  Although a unilateral mistake of law is generally not grounds for voiding a contract, mutual mistake can be. *Scott v. Pelett*, 63 Wash.App. 50, 58 (1991).  Haskell contacted Westport and said that he was going to execute on the judgment.  Haskell could only execute on the judgment if he believed it to be valid and legally enforceable.  Westport stated it would pay the judgment, again believing it to be valid and enforceable.  As the Ninth Circuit Court of Appeals opinion vacated the judgment in favor of Markham, including the fee award, both parties were mistaken in their belief as to the validity of the judgment.  "Washington courts treat mistakes about a party's antecedent rights which form the basis for an agreement as mistakes of facts which do constitute grounds for avoidance." *In re MD*, 110 Wash.App. 524, 542 (2002).  Both Haskell and Westport were mistaken as to their rights.  Haskell had no right to enforce the judgment, as it was void, and Westport had no obligation to pay the void judgment.

### F.  Lack of Damages

Even if Haskell could demonstrate that there was an enforceable contract supported by adequate consideration (which the court has found Haskell has not), Haskell's claim must also fail for lack of damages.  "A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage

ORDER - 8

1

to the claimant." *Northwest Ind. Forest v. Dept. of Labor & Industries*, 78 Wash.App.

2  707, 712 (1995).  Damages are an "essential element to a breach of contract cause of

3  action." *Crabtree v. Bowers*, 2000 WL 1224320 *1 (Wa.App. 2000) (unpublished).

4  Westport argues there are no damages because even had Westport paid Haskell the

5  $114,516 in December 2009, Haskell would have been required to remit that money back

6  to Westport when the judgment was vacated.  Haskell disputes this point, arguing that

7  Westport did not condition its promise to pay with a requirement that Westport repay the

8  $114,516 in the event Westport prevailed on appeal. (ECF 25 p. 10-11).  Haskell offers no

9  legal authority in support of this argument.

10  "A vacated judgment has no force or effect and the rights of parties are left as

11  though the court never entered the judgment." *Moskaloner v. Moskaloner*, 1996 WL

12  257468 *2 (Wa.App. 1996) <u>citing</u> *In re Estate of Couch*, 45 Wn.App. 631, 634 (1986).

13  "If a court vacates a judgment after a defendant had paid the judgment, the court can on

14  motion or on its own initiative direct that restitution be made." *Id*. <u>citing</u> *In re Hardt*, 39

15  Wn.App. 493, 498-99 (1985).  Westport proposed to issue a check for the $114,516

16  because it believed it was obligated to do so under Judge Whaley's December 7, 2009

17  Judgment.  Once that Judgment was no longer valid, equity and common sense compel

18  the conclusion that Westport is no longer obligated to pay, and had Westport already

19  paid Haskell, it would be entitled to return of those monies. This concept is longstanding.

20  "It is well settled in California that when a judgment is reversed on appeal the appellant is

21  entitled to restitution of all things taken from him under the judgment." *Levy v. Drew*, 4

22  Cal.2d 456, 459 (Cal. 1935).  The California Supreme Court said it quite succinctly:

23  "Where money is collected by a judgment creditor under a judgment which is

24  subsequently reversed, it should be returned." *Id.* at 461.

25  The Ninth Circuit, by setting aside the fee award in favor of Markham, has

26  determined that Markham (and by extension Haskell) is not entitled to a judicial award of

27

28

ORDER - 9

attorney fees.[1]  Haskell cannot establish damages because had Westport paid the judgment in December 2009, Haskell would now be obligated to make restitution as the judgment has been vacated.

### G. Punitive Damages and Attorney Fees

Haskell's Complaint seeks in addition to the $114,516, attorney's fees and punitive damages. (ECF 1, ¶ 25).  Haskell's Memorandum in Support of Motion for Summary Judgment states the "claim for punitive damages will be pursued at a later date." (ECF 6, p. 9).  Westport asks that if the court does not enter summary judgment in its favor on the breach of contract claim, that it at least dismiss Haskell's claims for attorney's fees and punitive damages. (ECF 20 p. 17).  As Westport argues, Haskell cites no legal authority to support its request for fees or punitive damages in this action.  This is a breach of contract action, and Haskell would not be entitled to attorney's fees under the 'American rule' absent some statutory, contractual, or other specified basis.  Under Washington law, punitive damages are not allowed on a breach of contract claim.

In response to Westport's argument, Haskell admits that Washington law does not support his claims, but suggests that perhaps Illinois or Missouri law should apply instead, while admitting he has not "fully researched" the applicable law of those states. (ECF 25, p. 14).  Haskell's basis for the original fee award was Washington law--*Olympic Steamship*.  Haskell offers no sufficient reason why the law of another forum would apply and admits to not fully researching the law prior to asserting the claim.  Westport is also entitled to summary judgment on Haskell's claims for punitive damages and attorney fees.

### V.  Conclusion

Haskell alleges his breach of contract claim is based on a contract  "separate and unconditional" from the judgment awarding fees.  This is clearly not the case, as is evidenced by Haskell's Motion which seeks an order enforcing the prior judgment. (ECF

---

[1]Haskell can of course seek its reasonable fees from Markham pursuant to its representation agreement with Markham.

ORDER - 10

5).  Westport would not have agreed to pay Haskell's fees in the absence of the judgment, and Westport by stating it would issue a check was only doing what it was obligated to do at that time by the judgment.  For the reasons stated above, the contract alleged in this action was not supported by consideration and was based on mutual mistake of antecedent rights--that mistake being that the judgment awarding $114,516 in fees was valid.  Even if a valid contract existed, which has not been found, this action would fail for lack of damages.  Accordingly, and for all the aforesaid reasons,

**IT IS HEREBY ORDERED:**

1.  Haskell's Motion for Summary Judgment (ECF 5) is DENIED.

2.  Westport's Motion for Summary Judgment (ECF 19) is GRANTED.

3.  The Clerk is directed to enter judgment in favor of Defendant Westport dismissing the Complaint and the claims therein with prejudice.

**IT IS SO ORDERED**. The Clerk is hereby directed to file this Order, enter Judgment in favor of Defendant, furnish copies to counsel, and close the file.

**DATED** this 5th day of April, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 11